UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SHELDON THOMAS,                                                CIVIL NO. 04-1425 (DSD/JSM)

   Plaintiff,

v.                                                             REPORT AND RECOMMENDATION

LT. WOLFORD,

   Defendant.

The above matter came before the undersigned United States Magistrate Judge upon defendants' Motion to Dismiss First Amended Complaint [Docket No. 44].

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 72.1(c).

For the reasons discussed below, **IT IS RECOMMENDED** that defendant's Motion to Dismiss First Amended Complaint [Docket No. 44] be **GRANTED**.

## FACTUAL BACKGROUND

Plaintiff Sheldon Thomas ("Thomas") is currently a prisoner at the Federal Medical Center ("FMC-Rochester") located in Rochester, Minnesota. Compl. ¶ 14. On March 30, 2004, Thomas filed a Complaint in this Court, alleging that defendants United States of America, John/Jane Does ("Doe defendants"), and Lieutenant Wolford ("Wolford") deliberately violated his constitutional rights when he was placed in administrative detention. Compl. ¶¶ 15-17, 29-34.

Thomas R&R

In support of his claims, Thomas alleged that on July 31, 2002, Wolford questioned Thomas about whether Thomas knew an inmate suspected of possessing or smuggling contraband into FMC-Rochester. Compl. ¶ 1. Thomas informed Wolford that "the only one from the street and that he knew was in segregation" and that he knew "no one from the street who was on the compound." Id. Thomas informed Wolford that he could not provide any information because he did not have any, not because he was withholding anything. Id.

Thomas then alleged that Wolford became angry with Thomas because Thomas would not provide any information to bolster Wolford's case against Vodray Martin, one of the inmates suspected of smuggling drugs into FMC-Rochester. Compl. ¶ 2. Thomas alleged that he remained respectful to Wolford, but that Wolford did not like Thomas's answer that he did not know anyone on the compound and responded to Thomas by shouting, "Don't play word games with me!" Compl. ¶ 3.

Thomas further alleged that there were no facts that would lead Wolford to believe that Thomas had any involvement with Martin or his alleged drug-smuggling charge. Compl. ¶ 4. During the confrontation, Wolford never indicated that he suspected Thomas of any involvement in Martin's conduct. Id. Nevertheless, according to Thomas, Wolford ordered two officers to take Thomas to administrative detention (i.e. the "hole") for no reason other than Wolford's anger. Id.

Thomas stayed in administrative detention for 49 days. Upon release, he was informed that he was released because the FBI did not intend to charge Thomas with any crime. Compl. ¶ 5. Thomas claimed that the FBI involvement was only a ruse to justify the administrative detention. Id. Thomas further alleged that information from the

FBI has confirmed that it never had any interest in or investigated Thomas with respect to the alleged drug-smuggling incident.  Id.

On October 7, 2002, Thomas filed a BP-9 form with his counselor, requesting compensation for his alleged illegal detention in the "hole" at a rate of $100 per day and the difference in wages resulting from Wolford's negligence or deliberate indifference to Thomas's constitutional rights.  Compl. ¶ 6.  On October 22, 2002, Warden Constance Reese responded to Thomas that he was placed in administrative detention "pending Investigation for Introduction/Use/Sell of Narcotics in a Federal Correctional Facility."  Compl. ¶ 7.  Reese also stated that the case was forwarded to the FBI for possible prosecution, however, Thomas alleged, the FBI denies that it was forwarded to them.  Id.

On November 4, 2002, Thomas filed a BP-10 form with the North Central Regional Office of the Bureau of Prisons ("BOP"), appealing Reese's denial of his BP-9 form.  Compl. ¶ 8.  In the BP-10 form, Thomas stated that he was challenging Reese's comment that it was the right of staff to place an inmate in administrative detention pending investigation into illegal conduct.  He argued that in order for staff to place an inmate in administrative detention, they must have probable cause to believe that the inmate had committed some illegal act and that in his case, Wolford did not allege that Thomas was a suspect of any wrongdoing.  Id.  Therefore, Thomas alleged that Wolford's act was purely retaliatory for what he perceived as "playing word games with" him.  Id.

On December 8, 2002, the North Central Regional Office responded to Thomas's BP-10 form, stating that Thomas was being held while the "case was referred to the

Federal Bureau of Investigations (FBI)" and that once "the FBI declined prosecution," Thomas was released. Compl. ¶ 9. Thomas alleged that because the FBI has confirmed that it never had an "investigatory interest" in Thomas, that this reason for placing him in administrative detention was the furtherance of a cover-up of defendants' negligent and unconstitutional conduct. Id.

On January 1, 2003, Thomas forwarded his BP-11 form to the Central Office of the BOP in Washington, again calling attention to the claims that defendants had violated Thomas's right to due process and that there was no basis for believing that he posed a risk to anyone or that he was in any way involved in illegal conduct. Compl. ¶ 10. On February 11, 2003, the Central Office responded to Thomas's BP-11 form, indicating that Thomas was placed in the "hole" "pending investigation for Introduction, Use, and Sale of Narcotics in a Federal Correctional Facility." Compl. ¶ 11. The Central Office also stated that Thomas's "case was referred to the FBI for prosecution." Id. Again, Thomas alleged that the FBI denies that it ever intended to investigate Thomas. Id.

On May 16, 2003, Thomas filed a Federal Tort Claims Act ("FTCA") Claim Form 95 with the North Central Region of the BOP, alleging negligence on the part of federal employees in the performance of their duties, and damages as a result of Wolford's and other federal employees' acts or omissions. Compl. ¶ 12.[1] On October 15, 2003, the BOP denied Thomas' FTCA claim and advised him that he could file a suit in this Court within six months of the denial. Compl. ¶ 13.

---

[1] According to defendants, Thomas sought $5,055 in damages in his FTCA claim. See Kinyon Decl. Ex. D

On March 30, 2004, Thomas filed a Complaint in this Court, alleging that defendants deliberately violated his constitutional rights. In Claim One of the original Complaint Thomas alleged that Wolford deliberately violated Thomas's constitutional right of due process when he subjected Thomas to administrative detention without probable cause to believe that Thomas was in any way involved in the suspected possession or smuggling of contraband drugs into the Federal Medical Center. Compl. ¶ 18. In addition, Thomas alleged that once he was placed in administrative detention, Bureau of Prison ("BOP") policies required periodic reviews of the cause of the detention by a Segregation Review Official ("SRO"), and that such reviews included a hearing at which Thomas was entitled to be present unless he waived the right to appear. Compl. ¶ 19. Thomas alleged that he had a due process right to hear the charges and the nature of the evidence against him and to provide evidence and testimony that would vindicate him. Id. Because he received no such hearing, Thomas alleged that Wolford and the Doe defendants violated his due process rights. Id. Additionally, Thomas alleged, as "aggravating circumstances," that he was placed in administrative detention in retaliation for his truthful comments to Wolford. See Compl. ¶¶ 27-28.

Claim Two of Thomas's Complaint alleged that Wolford and the Doe defendants acted negligently by denying Thomas a due process hearing while in administrative detention. Compl. ¶¶ 22-24. Thomas further alleged that the acts or omissions of these government employees would give rise to a tort action for damages against them individually were it not for their status as United States employees. Compl. ¶ 25.

Thomas claimed that under the FTCA, the United States was liable for acts or omissions committed by these employees acting in the scope of their duties. Id.

In lieu of an answer, on August 27, 2004, defendants brought a Motion to Dismiss Thomas's claims under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). [Docket No. 44]. Based on a Report and Recommendation issued by this Court [Docket No. 29], United States District Court Judge David S. Doty dismissed Claim One as it related to Thomas's claim for violation of his due process right not to be placed in administrative detention without probable cause and his claim for violation of his due process right to a hearing and periodic review while in administrative detention. The District Court also dismissed Claim Two in its entirety. The only claim that remained was that part of Claim One that related to Thomas's claim for retaliation against Wolford. Both the United States of America and the Doe defendants were dismissed, leaving only Wolford as a defendant in the case. See Order dated March 29, 2005 [Docket No. 36].

On May 4, 2005, Thomas filed a First Amended Complaint [Docket No. 42] to add a claim of "Negligent Operation of the Special Housing Unit."[2] Am. Compl. In the First Amended Complaint, Thomas alleged that he suffered monetary loss from Wolford's negligent operation of the Special Housing Unit ("SHU") during the period from June 2002 through December 2002. In addition, Thomas asserted that Wolford had a duty to properly staff the SHU, but failed to do so, which caused him "actual damages in excess of $5,000.00 and compensatory damages and emotional distress."

---

[2] As no responsive pleading had yet been filed by Wolford, Thomas was free to file and serve, without leave of court, the First Amended Complaint. See Fed. R. Civ. P. 15(a).

Thomas R&R                                6

On June 9, 2005, Wolford brought a motion to dismiss the First Amended Complaint for lack of subject matter jurisdiction, because as a federal employee, he enjoys absolute immunity from common law negligence actions. See 28 U.S.C. § 2679. Wolford also argued that to the extent Thomas was attempting to add the United States back in as a defendant, the Court should dismiss the First Amended Complaint because Thomas did not obtain leave of Court to add a new party, and did not serve the United States properly. Finally, Wolford argued that Thomas's First Amended Complaint should be dismissed because the Court lacks subject matter jurisdiction over the United States, and because Thomas did not exhaust his administrative remedies as required by the FTCA, any such claim would now be barred by the statutes of limitation. See 28 U.S.C. §§ 2401(b), 2675.

## STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), may challenge the plaintiff's complaint either on its face or on the factual truthfulness of its averments. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); see also Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a facial challenge to jurisdiction, the court restricts its review to the pleadings and affords the non-moving party the same protections that it would receive under a Rule 12(b)(6) motion to dismiss. See Osborn, 918 F.2d at 729 n.6. The court presumes that all of the factual allegations in the complaint concerning jurisdiction are true and will not dismiss the claims unless the plaintiff fails to allege an essential element for subject matter jurisdiction. See Titus, 4 F.3d at 593 (citing Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 731-32 (11th Cir. 1982)); Osborn, 918 F.2d at 729 n.6.

In a factual challenge to jurisdiction, the court may consider matters outside the pleadings and the non-moving party does not benefit from the safeguards of 12(b)(6). See Titus, 4 F.3d 590 at 593; Osborn, 918 F.2d at 729 n.6. "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." Osborn, 918 F.2d at 730 (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F. 2d 884, 891 (3rd Cir. 1977)).

Focusing solely on the allegations of Thomas's First Amended Complaint, Wolford has brought a facial challenge to jurisdiction and the Court will consider the specific claims accordingly.

## **DISCUSSION**

Wolford argued that the Court lacks subject matter jurisdiction over the First Amended Complaint because as a federal employee, he enjoys absolute immunity for negligence actions arising out of an act or omission alleged to have been committed by Wolford while he was acting within the scope of his employment with the United States.

In response, Thomas argued that the First Amended Complaint does not only include Wolford, unless it was his duty to assign and staff the SHU. In this regard, Thomas asserted that the amended complaint may include former warden Constance Reese as a Doe Defendant, if proper SHU staffing was within her authority and control.

Even if this Court were to accept Thomas's argument that the First Amended Complaint included former warden Reese or a "Doe Defendant", which this Court does not,[3] the amended complaint must still be dismissed.

"'The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment.'" Audio Odyssey, Ltd. v. United States, 255 F.3d 512, 516 (8th Cir. 2001) (quoting United States v. Orleans, 425 U.S. 807, 813, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976)). "Under the FTCA, the United States is liable, as a private person, for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment.'" Western Nat. Mut. Ins. Co. v. United States, 964 F. Supp. 295, 297 (D. Minn. 1997) (quoting 28 U.S.C. § 1346(b)). The remedy provided in the FTCA for injuries resulting from the activities of Government employees "is exclusive of any other civil action or proceeding for money damages.'" United States v. Smith, 499 U.S. 160, 161 (1991) (quoting 28 U.S.C. §2679(b)(1)). The only proper party in a FTCA claim is the United States, not the individual employees. See 28 U.S.C. 2679; Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998) ("[T]he United States is the only proper party defendant in an FTCA action.").

---

[3] To the extent that Thomas argued he was trying to bring in Reese or the Doe Defendants into the case, the Court rejects this argument because the First Amended Complaint does not refer to anyone but Wolford. Further, even if it did, the negligence claim would fail against them for the same reasons it failed against Wolford—only the United States can be sued for negligence of employees. See 28 U.S.C. 2679; Kennedy, 145 F.3d at 1078.

Here, by incorporating the allegations in the original complaint, the acts or omissions underlying Thomas's claim of "Negligent Operation of the Special Housing Unit" occurred while Wolford was acting within the scope of his federal employment. Under the FTCA, Wolford, as an individual employee, is immune from such a negligence claim. Therefore, this Court recommends that his First Amended Complaint be dismissed.[4]

## RECOMMENDATION

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED that Defendant's Motion to Dismiss First Amended Complaint [Docket No. 44] be **GRANTED**

Dated: December 13, 2005

*s/Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

---

[4] To the extent that Thomas was seeking to add the United States back into the case for the negligent operation and staffing of SHU by Wolford or others, such a claim must be dismissed because Thomas failed to exhaust his remedies as to this claim. Based on Thomas's description of his efforts to exhaust his remedies in his original Complaint, there is no way to read his administrative complaints as challenging how SHU was operated or staffing of SHU. See Compl. ¶¶ 6-11. Having failed to exhaust his remedies as to this claim, any attempt to exhaust now would be time barred under the two-year statute of limitations under the FTCA. 28 U.S.C. §§ 2401(b), 2675. Further, even if Thomas had exhausted his administrative remedies, his negligent operation and staffing claim fails because this Court can find no authority to suggest that Minnesota recognizes such a claim. See Order dated March 29, 2005 at 4-5 (finding that Minnesota does not recognize a claim for negligent deprivation of due process by a state official after searching for a case that recognizes such a claim).

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **January 3, 2006** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.